# Provident Building & Loan Association, Appellant, *v.* Cresswell.

*Judgment—Building and loan association—Payment—Fines.*

A judgment entered by a building and loan association against one of its members will be opened where the evidence for the defendant tends to show that she had made considerable payments to the solicitor of the

association for which she had not been allowed credit, and that excessive and illegal fines had been imposed upon her.

Argued Oct. 15, 1902. Appeal, No. 171, Oct. T., 1902, by plaintiff, from order of C. P. Cambria Co., Dec. T., 1901, No. 34, making absolute rule to open judgment in case of Provident Building & Loan Association v. Elizabeth T. Cresswell. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Rule to open judgment.

The judgment in controversy was entered by plaintiff on a warrant of attorney, and was for money loaned. Defendant was a member of the plaintiff association.

O'CONNOR, P. J., filed the following opinion :

We have carefully read the testimony, examined the petition and answer, and have carefully considered the arguments of counsel. We note that several credits or rather amounts which the defendant claims should be allowed as credits, aggregating a considerable sum, were paid to the several solicitors of the association, plaintiff, but which plaintiff in answer to the petition denies any obligation to allow. The amount of fines seem enormous when we consider that fines can only be charged against defaulters for six months. As to when these fines should begin and when they should cease, there is not sufficient evidence before us to warrant our making the calculation nor is there any averment in the answer that fines were not exacted after the period of six months, dating from defendant's defalcation, and we feel that plaintiff within whose power and province it was so to do, should have submitted a calculation from which the court could have determined whether the liquidation was the result of a calculation made according to law. There are many matters of fact which the court ought not to be asked to pass upon in this proceeding, and therefore we have concluded to submit the matter to that tribunal which is constituted to try issues of fact.

And now, May 6, 1902, judgment opened and defendant is permitted to enter into a defense against the plaintiff's claim in the above stated cause, according to the rules of practice governing such proceedings.

*Error assigned* was the order of the court opening the judgment.

*H. A. Davis,* for appellant.

*J. F. McKenrick,* with him *R. E. Creswell,* for appellee, were not heard.

PER CURIAM, November 3, 1902:

We find no abuse of discretion in opening the judgment in this case and the order is affirmed.