# Turpsene Mfg. Co. *v.* Wheeler, Appellant.

*Judgment—Opening judgment—Amount in excess of debt—Practice, C. P.*

Where the averments of a petition for a rule to open a judgment are to the effect that judgment was entered for an amount in excess of the debt, and no answer is filed, and no testimony taken, the court commits reversible error in discharging the rule; and on appeal, the appellate court will direct that the judgment be reversed unless the plaintiff files a remittitur for the sum in excess of the debt.

Argued Nov. 24, 1915. Appeal, No. 204, Oct. T., 1915, by defendant, from order of Municipal Court, Philadelphia Co., Feb. T., 1915, No. 55, discharging rule to open judgment in case of Turpsene Manufacturing Company v. Samuel F. Wheeler. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Rule to open judgment. Before CRANE, J.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*Graham C. Woodward,* with him *Samuel F. Wheeler,* for appellant, cited: Lewis v. Linton, 207 Pa. 320.

*John P. Connelly,* for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

This is an appeal from the refusal of the court below to open a judgment entered on a judgment promissory note. The petition to open set forth that the note was given in settlement of a judgment obtained in the Municipal Court for want of an affidavit of defense in which damages were assessed at $207.64; that when the note was given the plaintiff's attorney did not have at hand the papers and data pertaining to the suit and therefore did not know exactly what was the amount due; that he suggested to the defendant that a judgment note be made out for $220.00, which would be more than sufficient to cover the amount and it was agreed that when the defendant settled for the note a credit would be given for the difference between the amount at which the damages had been assessed and the amount of the note; that provision was made in the note for a collection fee of five per cent. but it was verbally agreed that that should be calculated only on the amount of the damages, to wit: the sum of $207.64; that judgment was entered in this case in the Municipal Court for $220.00, with five per cent. for collection added thereto; whereas, the amount actually due on the note, was $207.64, with interest from Dec. 3, 1914, to February 2, 1915, instead of $233.20, the amount for which the judgment was entered, the latter sum being $13.10 in excess of the amount for which the judgment was entered in the former case. On this petition a rule to show cause why the judgment should not be opened was entered May 29, 1915, and on June 3, 1915, the rule was discharged. No answer was filed nor were depositions taken. We have not been shown under what rule of court the case was disposed of. In the absence of an answer no issue was formed and as there was no testimony taken the facts were not before the court except as presented in the affidavit. Only five days elapsed between the entry of the rule and the disposal of the case by the court and it is probable the matter was heard on the petition by consent of counsel. As-

suming the averments of the petition to be true, and there being no counter-averment or testimony in contradiction thereof, there seems to have been a mistake in the amount for which the note was given, the liquidation of the judgment taken by default showing a liability of $207.64 only. In this view of the case the defendant was entitled to a reduction of the judgment to the extent of $13.10. If there is any other aspect of the case it does not appear in the record and as the case was heard without objection on either side we must dispose of it as it is presented. Where a judgment is entered on a warrant of attorney for an amount in excess of that which is due an appropriate remedy is an order to open the judgment to permit the defendant to show what in equity and good conscience was due: Provident B., Etc., Assn. v. Cresswell, 204 Pa. 105. As the case is now presented the appellant is entitled to a reversal of the judgment unless the plaintiff is willing to remit the sum claimed to be in excess of the amount due.

The judgment is, therefore, reversed, unless the plaintiff within twenty days from the filing of this opinion files an agreement in writing remitting the sum of $13.10 from the judgment and on compliance of the latter with this condition the order of the court below is affirmed.